# COUNTY OF ESSEX,

##### AT THE

## AUGUST TERM, 1875.

##### PRESENT:

HON. JAMES BARRETT,
HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. H. HENRY POWERS,

---

### BEAN *v.* TOWN OF CONCORD.

*Sufficiency of Notice of Injury upon Highways.*

A notice of injury upon a highway, designated the place of accident as between two points named, which were a mile or more apart. The plaintiff was well acquainted with the highway, and knew of several objects by which he could have definitely described the place of injury. *Held,* that the notice was insufficient.

CASE for injury upon a highway. Plea, the general issue, and trial by jury. September Term, 1874, Ross, J., presiding.

The written notice given by the plaintiff to the selectmen, described the place of accident as between North Concord bridge and Victory line.

Bean *v.* Concord.

The plaintiff admitted that he was well acquainted with the highway in question, and lived in the immediate vicinity thereof; that he had been drawing lumber over it almost every day for four weeks prior to the accident, and that the highway described in the notice was a mile or more in length. He also admitted and claimed that at the time of the accident, the entire length of said highway was filled with cradle-holes, and that he was hurt at and by reason of a cradle-hole on said highway about fifty rods down the river from the house of one Dodge, and about seventy-five rods up the river from the house of one Currier and Colby & Gay's saw-mill, and about thirty rods up the river from the gateway where one Blanchard came into said highway, and a little above the upper mill-dam of said Colby & Gay, and about against the middle of the pond created by said dam, and from one to three rods from the end of a stone wall fencing the field of said Dodge from said highway. The plaintiff also admitted that he knew at the time of giving notice, of all these objects by which he could have pointed out the precise place of the cradle-hole at which he received the injury. All of said objects were nearer the place of accident than either terminus named in the notice.

On the foregoing facts, the court held the notice insufficient; but at the request of the plaintiff's counsel, submitted certain issues as to the insufficiency of said highway, to the jury, which the jury found in favor of the plaintiff. The court, notwithstanding the special verdict, rendered judgment for the defendant because the notice was insufficient; to which, and to the holding of the notice insufficient, the plaintiff excepted. The other issues were submitted to the jury with instructions to which neither party excepted.

The opinion of the court was delivered by

BARRETT, J. This bill of exceptions having been read, counsel were informed of the decision of the court at the last term in Washington County in *Reed* v *Town of Calais*,* whereupon no argument was made, and judgment was affirmed.

* *Ante,* 7.